■ In the Matter of the Arbitration between DAVIS, BRODY & WISNIEWSKI, Appellants, and TEMPLE EMANU-EL OF EAST MEADOW, Respondent.— Order of the Supreme Court, Suffolk County, made on reargument and dated May 19, 1966 [49 Misc 2d 1067], affirmed insofar as appealed from, with $10 costs and disbursements. Appeal from order of said court dated March 4, 1966 [49 Misc 2d 251] dismissed, without costs. That order was superseded by the order of May 19, 1966. On September 5, 1963 respondent served on appellants, a firm of architects, a demand for arbitration of disputes arising out of a contract between them concerning certain construction and alteration work, claiming damages in the sum of $50,000. That notice was served as prescribed by CPLR 7503 (subd. [c]), and contained the statement required by that section that, unless the party served apply to stay arbitration within 10 days after such service, he would thereafter be precluded from objecting that a valid agreement had not been made or complied with and from asserting in court the bar of a limitation of time. By letter dated February 11, 1965,

respondent stated that the amount of the claimed damages would be increased to $290,435.92. In October, 1965 appellants moved to strike from respondent's demand so much thereof "as contains new claims" not asserted in the original demand, on the ground that the "new claims are time-barred by the 3-year statute of limitations." In our opinion, appellants' motion was properly denied. The letter of February 11, 1965 was not the assertion of a new claim, but was merely an amendment of the original claim with respect to the amount of damages allegedly sustained (cf. *Toolis* v. *Naotasi*, 240 App. Div. 849). Under such circumstances, appellants could not raise the bar of the Statute of Limitations in court long after service of the original notice of intention to arbitrate (CPLR 7503, subd. [c]; cf. *Matter of Hesslein & Co.* v. *Greenfield*, 281 N. Y. 26, 31; *Matter of Allstate Ins. Co.* [*Neithardt*], 24 A D 2d 941). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.