■ In the Matter of the Arbitration between LILLIAN SCHNEIDER et al., Appellants, and IRVING NEWMAN et al., Respondents. — Appeal from judgment, Supreme Court, New York County (H. Schwartz, J.), entered January 12, 1982, denying petitioners' motion to stay arbitration, unanimously dismissed, without costs or disbursements, as superseded by order, same court, of March 23, 1982. Appeal from order, Supreme Court, New York County (H. Schwartz, J.), entered March 23, 1982, granting petitioners' motion to renew and reargue and adhering to the original determination, unanimously dismissed, without costs or disbursements, as moot. After commencing this proceeding to stay arbitration on the ground that the demand for arbitration did not specify a dispute, and while the application was *sub judice*, respondent served an amended demand for arbitration, identical in all respects to the original demand except for one additional claim. Eventually a separate proceeding was instituted to stay the arbitration sought by the amended demand. That application was denied. Although judgment has yet to be entered thereon such determination supersedes the judgment and order appealed from denying

a stay with respect to the original demand. In the circumstances presented, service of the amended demand rendered the original demand academic. (Cf. *Ross v Davis,* 83 NYS2d 85, affd 274 App Div 925.) Were we not dismissing on procedural grounds, we would find that the demand for arbitration sufficiently identifies the nature of the dispute. The additional claim asserted in the amended demand, which was not before Special Term on the stay application but was recited in the motion to renew and reargue, is clearly not arbitrable. Concur — Kupferman, J. P., Sullivan, Markewich and Milonas, JJ.