OPINION OF THE COURT
Joseph D. Mintz, J.
Petitioner, by order to show cause, moves for stay of arbitration under CPLR 7503 on the grounds that (1) the arbitration was not commenced within the applicable limitations period as set forth in Education Law § 3813 (2-b), or, alternatively, (2) that respondent failed to timely comply with the notice of claim requirements of Education Law § 3813 (1). Respondent cross-moves for denial of stay, or, alternatively, for extension of time in which to serve the required notice of claim pursuant to Education Law § 3813 (2-a).
Education Law § 3813 (2-b) requires all actions against a school district to be commenced within one year of the date upon which the cause of action arose. The parties entered into a contract employing a standard A.I.A. form. That contract (112.2.12) provided for arbitration by either party of various disputes, such arbitration to be demanded no later than 30 days after the date upon which the architect renders a written decision and no earlier than:
*859 “(1) [T]he date on which the Architect has rendered a written decision, or
“(2) the tenth day after the parties have presented their evidence to the Architect or have been given a reasonable opportunity to do so, if the Architect has not rendered his written decision by that date.”
In addition, the applicable Statute of Limitations is to be applied (here one year), since paragraph 7.6.1 provides that the contract is not meant to limit any rights or duties provided by law. (See, Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.J, 53 NY2d 306 [1981].) The contract does not waive the Statute of Limitations (any such waiver would be ineffective per Kassner & Co. v City of New York, 46 NY2d 544 [1979]), but sets up a shorter limitations period (30 days from receipt of the architect’s written decision) based upon an accrual of a cause of action as set forth in paragraph 2.2.12 above. Thus, a contractor seeking payment of a claim must comply with both limitation periods. This is mandated by Kassner which concerned an indistinguishable situation: The contract therein provided for actions to commence within six months of the filing of a certificate of final payment. The Court of Appeals held that the plaintiff contractor must comply with both the contractual and statutory limitations period. In the present case, petitioner has not raised any question with regard to whether respondent has complied with the contractual limitations period. Respondent received written notification of the rejection of its claims shortly after January 29,1985 and filed its demand for arbitration on February 27, 1985. Petitioner does raise, however, the question of respondent’s compliance with the statutory limitations period. To test whether the arbitration was begun within the statutory limitations period requires a determination of the accrual date under contract law without regard to the accrual date set forth in the contractual limitations period. This is mandated by the Court of Appeals decision in Kassner (supra).
In contract actions a cause of action accrues on the breach of a contract. Where performance by the defendant is required only after fulfillment of a condition, the defendant cannot breach and a cause of action cannot accrue until the condition is fulfilled. (Kassner & Co. v City of New York, supra, at p 550.) In the present contract, as in all contracts, final payment is conditional on a certificate of substantial completion. As a consequence, the courts of this State have held that a cause of action for failure to pay the contractor accrues upon substantial completion, or, if earlier, upon representation by the contractor to the architect of *860 substantial completion. (See, Kassner &. Co. v City of New York, supra; Public Improvements v Board of Educ., 81 AD2d 537 [1st Dept 1981], affd 56 NY2d 850 [1982]; Arnell Constr. Corp. v Village of North Tarrytown, 100 AD2d 562 [2d Dept 1984]; William J. Schmitt, Inc. v Penfield Cent. School Dist., 54 AD2d 1100 [4th Dept 1976].)
There is no certificate of substantial completion to date. Furthermore, petitioner has not produced any evidence which shows any representation by respondent that its work was completed until November 19, 1984. All the letters produced by petitioner, which petitioner contends establish the alleged breach, are in the nature of requests for approval prior to completion of the work as required by the contract. Even if the respondent was somehow informed that he was not going to be paid, that is in the nature of an anticipatory breach, which does not start the running of the Statute of Limitations unless respondent chooses to treat it as a breach. (See, e.g., Matter of Steinway, 174 Misc 554 [1940].) Thus, the cause of action accrued on November 19, 1984, and the demand for arbitration was within the one-year statutory period.
Petitioner also moves for stay of arbitration on the basis of untimely filing of a notice of claim under section 3813 (1). Respondent argues that the notice of claim was timely, or, if not, that the time for filing be extended under section 3813 (2-a). The notice of claim was filed on April 22, 1985.
Section 3813 (1) is a condition precedent to maintaining an action or an arbitration under an A.I.A. contract. (Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.], 53 NY2d 306 [1981], supra.) This requirement must be formally complied with; notice through correspondence to the architect or other nondesignated agents of the school board is insufficient. (Parochial Bus Sys. v Board of Educ., 60 NY2d 539 [1983].)
Section 3813 (1) specifies that the notice of claim is to be filed within three months of “the accrual of such claim”. The accrual of a claim differs from the accrual of a cause of action, in that the former occurs when “damages become ascertainable,” even though a cause of action might not accrue until certain additional conditions are complied with. (Central School Dist. No. 3 v Kosoff & Sons, 53 AD2d 1058, 1059 [4th Dept 1976].) Additionally, a claim of a contractor doesn’t accrue until “his damages accrue,” even if after the occurrence of the event which incurs them, such event marking the time at which the cause of action accrues. (William J. Schmitt, Inc. v Penfield Cent. School Dist., 54 AD2d 1100, 1101 [4th Dept 1976], supra.) In Penfield Cent. *861 School (supra, at p 1101), the contractor claimed extra money claimed to have been earned by him under the school construction contract. The Fourth Department held that the claim accrued about 30 days after Kosoff notified the school district’s architect that all work required to be done pursuant to the construction contract had been completed. Similarly, in Public Improvements v Board of Educ. (81 AD2d 537 [1st Dept 1981], affd 56 NY2d 850 [1982], supra), the court held that the claim accrued at the time the contractor submitted a substantial completion statement. In this case, the respondent first represented substantial completion in its letter of November 19,1984. Whether the claim accrues at that time, as under Public Improvements, or 30 days later (Dec. 19, 1984), as under Central School Dist., the notice of claim was outside the three-month period (Nov. 19 to Apr. 22 is 1 month, 28 days over 3 months; Dec. 19 to Apr. 22 is 28 days over 3 months).
Section 3813 (2-a), which was effective too late to ameliorate the harsh results of Matter of Geneseo Cent. School, Parochial Bus Sys. and Public Improvements (supra), allows the trial court, in its discretion, to extend the time for filing so long as the extended time does not exceed the time limitation in section 3813 (2-b), even if the application was made, as here, after the commencement of an action or service of arbitration demand. In determining the application the court is to consider (1) whether the district or its attorney or agent acquired actual knowledge of the claim during the three-month period; and (2) relevant facts and circumstances including disability of claimant, reliance of settlement representations, error in identity of school district and any prejudice to the district regarding defense on the merits. After considering all of these factors and noting that the demand for arbitration was served within the three-month period, that the respondent and the petitioner’s architect were engaged in discussion of settlement of claims and that a meeting to this effect was held on December 12, 1984, and that no prejudice in the maintenance of a defense on the merits will result from the extension, it is this court’s decision that late service on April 22, 1985 of the notice of claim will be allowed and the petitioner is to accept same.
For the foregoing reasons, the cross motion of the respondent is granted and the petition to stay arbitration is in all respects dismissed.