■ In the Matter of BOARD OF EDUCATION, LONGWOOD CENTRAL SCHOOL DISTRICT, Respondent, v HATZEL & BUEHLER, INC., Appellant.—In a proceeding pursuant to CPLR 7503 (b) to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County (Leis, J.), entered February 17, 1989, which granted the application.

Ordered that the judgment is affirmed, with costs.

In March 1985 Hatzel & Buehler, Inc., an electrical contractor, entered into a contract with the petitioner to perform electrical work in a new high school. Article 2.2.9 of the contract provided that any claims, disputes and other matters in question between the contractor and the owner relating to

the execution or progress of the work or the interpretation of the contract documents would be referred initially to the architect for decision to be rendered in writing within a reasonable time. In addition, the contract also provided that "[a]ny claim, dispute or other matter in question between the Contractor and the Owner referred to the Architect * * * shall be subject to arbitration". Prior to the completion of the project, the appellant submitted a notice of claim to the petitioner, and subsequently a demand for arbitration, seeking damages "for the recovery of additional costs incurred as a result of delays to claimant's work". However, at no time did it refer its claim to the project architect.

We agree with the Supreme Court that the appellant's claim, which was asserted prior to the substantial completion of the work, was a claim relating to the execution or progress of the work within the meaning of article 2.2.9 of the contract. Pursuant to the clear terms of the contract, the appellant was required to first submit its claim to the architect as a condition precedent to arbitration. Since it failed to do so, the Supreme Court properly stayed arbitration.

We reject the appellant's contention that the service of the notice of claim constituted sufficient compliance with article 2.2.9 of the contract. The purpose of the notice was only to preserve whatever legal rights the appellant may have had in a court of law (Education Law § 3813), rather than to commence the review process with the project architect. In any event, there is no evidence in the record to show that the appellant ever submitted a copy of the notice of claim to the architect. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.