■ PROTE CONTRACTING Co., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (PS 28, BRONX), Respondent. PROTE CONTRACTING Co., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (VARIOUS), Respondent. —Order and judgment (one paper), Supreme Court, New York County (Eugene Nardelli, J.), entered March 5, 1990, which, *inter alia,* granted defendant's cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law and in the exercise of discretion, plaintiff's notice of claim is deemed timely filed, and the complaint reinstated, without costs; and order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 21, 1990, which, *inter alia,* dismissed 30 causes of action, unanimously modified, on the law and in the exercise of discretion, to reinstate the dismissed causes of action, and plaintiff's notices of claim are deemed timely filed, without costs.

In these separate actions, consolidated for the purposes of appeal, plaintiff, Prote Contracting Co., Inc. ("plaintiff"), seeks damages arising out of several construction contracts entered into with defendant, The Board of Education of the City of New York ("defendant"), for construction work performed at various public school locations throughout the City of New York. The appeals raise the same principal issue, namely, whether plaintiff timely filed its notices of claim and, if not, whether the IAS court in each instance abused its discretion in denying plaintiff's applications to file late notices of claim under Education Law § 3813 (2-a).

Pursuant to Education Law § 3813 (1), a claim against a Board of Education ("Board") must be preceded by a notice of claim served upon the Board within three months of its accrual *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539,

547). Thus, a critical factor in determining the timeliness of a notice of claim is the date upon which the claim accrued *(see, Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283, 290). In the cases at bar, this inquiry is impeded by numerous circumstances.

For example, as defendant concedes, it is often difficult to ascertain the date of substantial completion of a construction project. This difficulty is exacerbated where, as in the records before us, subsequent to dates of "substantial completion", defendant issues punch lists for items alleged to be incomplete and, in some instances, second and third punch lists. Further complicating the matter is the question of whether certain jobs were subject to change orders, which often results in applications for payment being met with demands that additional work be performed before payment will be made.

The underlying purpose of the notice of claim provision, Education Law § 3813 (1), is to provide a defendant Board with notice sufficient to properly investigate a claim *(Matter of Board of Educ. [Wager Constr. Corp.]*, *supra)*. Our examination of the records at bar persuades us that defendant was, in fact, sufficiently noticed as to plaintiff's claims to enable it to investigate them fully and promptly. Defendant had, for example, actual knowledge of the essential facts constituting plaintiff's claims, which were for balances due on contracts negotiated and executed by defendant. As such, defendant was aware of the amounts due, the amounts plaintiff had previously requisitioned for payment, the amounts already approved and satisfied, and the amounts retained or withheld by defendant.

In short, a fair reading of these records leads to the conclusion that plaintiff sought, in good faith, to complete the projects in accordance with defendant's instructions, and that its resort to the commencement of litigation—which defendant contends was fatally delayed—came only when plaintiff was left with no other means of obtaining compensation for its labor. Assuming, arguendo, that plaintiff was at that point beyond the 90-day period, it was, in the circumstances, an improvident exercise of the IAS courts' discretion not to have permitted the filing of late notices of claim pursuant to Education Law § 3813 (2-a). That statute was specifically enacted to ameliorate the harsh results of section 3813 (1) *(Grand Is. Cent. School Dist. v Transcom Equip. Corp.*, 128 Misc 2d 858, 861, *affd* 120 AD2d 959). In pertinent part, it provides as follows: "In determining whether to grant the extension, the court shall consider, in particular, whether the

district or school * * * acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including * * * whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the district or school * * * and whether the delay in serving the notice of claim substantially prejudiced the district or school in maintaining its defense on the merits."

We further note that each of the appeals before us raises material issues of fact which preclude summary judgment, including whether certain extra work claims submitted by plaintiff were approved and authorized, and whether defendant properly withheld sums under the contract pending completion of punch list items. Concur—Carro, J. P., Wallach, Kassal and Rubin, JJ.