■ In the Matter of PROTE CONTRACTING CO., INC., Appel-

lant, v BOARD OF EDUCATION OF CITY OF NEW YORK, Respondent. [603 NYS2d 583] —In a proceeding pursuant to Education Law § 3813 (2-a) for leave to serve late notices of claim, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 21, 1991, as denied the application with respect to 25 contracts. The appeal brings up for review so much of an order of the same court, dated August 11, 1992, as, upon reargument, adhered to the original determination with respect to 24 of the 25 contracts (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated May 21, 1991, is dismissed, as that order was superseded by the order dated August 11, 1992, made upon reargument; and it is further,

Ordered that the order dated August 11, 1992, is modified, on the law, and as a matter of discretion, by (1) adding thereto a provision deeming the notices of claim served with respect to the construction contracts for P.S. 57 in the Bronx, High School of the Humanities, P.S. 153 in Brooklyn, P.S. 201 in Brooklyn for the period from March 1986 to April 15, 1986, P.S. 91 in Manhattan, P.S. 171 in Brooklyn, P.S. 22 in Staten Island, P.S. 104 in Manhattan, South Bronx High School, Theodore Roosevelt High School, and P.S. 154 in Queens, as timely, and (2) adding thereto a provision deeming the application insofar as it sought leave to serve late notices of claim with respect to the construction contracts for P.S. 82 in the Bronx for the period from November 1, 1985, to February 2, 1986, P.S. 87 in the Bronx for the period from June 1, 1987 to July 5, 1987, P.S. 153 in Queens, High School of Redirection, Bay Ridge High School for the period from February 1, 1987 to February 5, 1987, P.S. 11 in Staten Island for the period from March 10, 1987, to April 1, 1987, and P.S. 188 in Brooklyn, to be timely, granting those branches of the application, and deeming the notices of claim with respect to those contracts timely served; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the order dated May 21, 1991, is modified accordingly; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The petitioner commenced this proceeding, inter alia, for a determination as to whether it timely served notices of claim with respect to damages arising out of several construction contracts entered into with the respondent, the Board of Education of the City of New York (hereinafter the Board).

Pursuant to Education Law § 3813 (1), a claim against the

Board must be preceded by a notice of claim served upon the Board within three months of its accrual *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Public Improvements v Board of Educ.,* 56 NY2d 850). In actions involving construction claims against the Board, the claim accrues and the three-month period commences running at the time the contractor's damages become ascertainable *(see, Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283; *Owners Realty Mgt. & Constr. Corp. v Board of Educ.,* 192 AD2d 471; *G.A. Contrs. v Board of Educ.,* 176 AD2d 856). In this case, the petitioner's damages on each claim became ascertainable on the date it filed its application for payment *(see, Matter of Board of Educ. [Wager Constr. Corp.], supra; G.A. Contrs. v Board of Educ., supra; Matter of City School Dist. [Tougher Indus.],* 173 AD2d 1051; *Board of Educ. v Zanghi Constr. Corp.,* 127 AD2d 725; *Matter of Board of Educ. [Trombley Constr. Co.],* 122 AD2d 421). Therefore, the notices of claim with respect to 11 construction contracts were timely served upon the Board because they were served within three months of the date of submission of the contractor's application for payment.

Furthermore, we find that the petitioner's application insofar as it sought leave to serve late notices of claim with respect to seven construction contracts were timely made within the one-year period of limitations *(see,* Education Law § 3813 [2-a], [2-b]). As a general rule in contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach *(see, Kassner & Co. v City of New York,* 46 NY2d 544, 550). Such a breach may be said to occur and the cause of action to accrue when the plaintiff possesses a legal right to demand payment *(see, City of New York v State of New York,* 40 NY2d 659, 668). In this case, many of the contractor's applications for payment were disapproved and punch lists for items alleged to be incomplete were issued, demanding that additional work be performed before payment would be made. In other cases, the applications were approved but payment was not forthcoming. The application for leave to serve late notices of claim was made within one year after the date of approval or final disapproval of seven of the remaining construction contracts. Given that the statute was specifically enacted to ameliorate the harsh results of Education Law § 3813 (1) *(see, Prote Contr. Co. v Board of Educ.,* 183 AD2d 404, 405), under these circumstances, we choose to exercise our discretion by granting the petitioner's application for leave to serve late notices of claim only with

respect to those applications which were filed within one year after the approval or final disapproval date of each respective construction contract.

We further find that the Board received sufficient notice as to the essential facts upon which the petitioner's claims are based and will not be prejudiced in maintaining its defense on the merits (see, Matter of Board of Educ. [Wager Constr. Corp.], supra; Prote Contr. Co. v Board of Educ., supra; Rutigliano v Board of Educ., 176 AD2d 866). Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.