■ In the Matter of the Arbitration between ASPHALT GREEN, INC., Respondent, and HERBERT CONSTRUCTION COMPANY, INC., Appellant. [618 NYS2d 810] —Judgment, Supreme Court, New York County (Bruce McM. Wright, J.), entered August 12, 1994, which granted the application pursuant to CPLR 7503 by petitioner Asphalt Green, Inc. ("petitioner") seeking to stay the arbitration proceeding commenced by respondent Herbert, and which denied the cross-motion pursuant to CPLR 7503 by respondent Herbert seeking to compel the arbitration and for sanctions, unanimously affirmed, with costs.

The IAS Court properly determined that respondent Herbert had failed to comply with sections 2.3, 2.4 and 2.5 of the General Conditions to the parties' contract, which required that matters in dispute must first be submitted to the Project Architect as a condition precedent to a demand for arbitration, and that the submission of such claims *after* the filing of the demand for arbitration did not constitute compliance.

Initially, it is for the courts, rather than the arbitrators, "to determine whether the parties agreed to submit their disputes to arbitration, if so, whether the particular dispute comes within the scope of their agreement, and finally *whether there has been compliance with any condition precedent to access to the arbitration forum*" (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 5 [emphasis added]).

Respondent Herbert's reliance upon *Primiano*, in asserting that submission of its claims to the Project Architect was not a condition precedent to arbitration, is misplaced. *(See, Matter of Liebhafsky [Comstruct Assocs.]*, 62 NY2d 439, 440-441; *Matter of Travelers Indem. Co. [Levy]*, 195 AD2d 35, 41.)

In the case at bar, unlike *Primiano*, the IAS Court properly determined that reference of the parties' disputes to the Architect was a condition precedent to arbitration and that respondent Herbert had, by its failure to comply with the conditions precedent, foreclosed its right to seek arbitration of its claims, since the Architect's authority for the Project had not been terminated.

Finally, the IAS Court properly determined that the belated referral by respondent Herbert of its claims relating to disputed change order work to the Project Architect, subsequent to both the initiation of the underlying arbitration proceeding by Herbert and the commencement of the subsequent proceeding seeking to stay the arbitration by the petitioner, did not relieve Herbert of its obligation to first submit the disputed

matters to the Project Architect as a condition precedent to a demand for arbitration since section 2.3 of the General Conditions specifically requires submission to the Architect of any matter in dispute prior to commencing the arbitration.

We have reviewed the remaining claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Asch and Tom, JJ.