■ In the Matter of the Arbitration between BOARD OF EDUCATION OF THE SCHENEVUS CENTRAL SCHOOL DISTRICT, Respondent-Appellant, and MERRITT MERIDIAN CONSTRUCTION CORPORATION, Appellant-Respondent. [621 NYS2d 139] —White, J. Cross appeals from an order of the Supreme Court (Ingraham, J.), entered April 8, 1994 in Otsego County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On August 27, 1991, respondent entered into a general construction contract with petitioner relating to the renovation and construction of an addition to the Schenevus Central School in the Village of Schenevus, Otsego County. As the result of various disputes with petitioner, on December 14, 1992, respondent served a demand for arbitration upon petitioner claiming that it was owed $25,000 in retainage funds. On January 14, 1993, respondent served an amended demand including additional claims and seeking $160,000 in damages. Thereafter, on January 28, 1993, the parties entered into an extension agreement adjourning arbitration until the time the entire project was substantially completed. Subsequently, on November 19, 1993, respondent served a second amended arbitration demand adding numerous claims and demanding $586,540 in damages. Petitioner responded by commencing this proceeding seeking a stay of arbitration on the grounds that respondent failed to comply with the requirements of Education Law § 3813 and various contractual conditions precedent to arbitration. Respondent cross-moved for leave to serve a late notice of claim.

Supreme Court stayed arbitration of a number of respondent's claims finding them barred by the Statute of Limitations or respondent's failure to comply with contractual conditions precedent to arbitration. As to the remaining claims, it permitted respondent to serve a late notice of claim. These cross appeals ensued.

Respondent initially argues that the petition was untimely as it was not filed within 20 days after the service of its December 14, 1992 demand as required by CPLR 7503 (c). We disagree since respondent's second amended demand sub-

sumed its previous demands as it contained new claims and consolidated and modified previous demands as opposed to merely amending the amount of damages sought *(see, Matter of Schneider [Newman],* 88 AD2d 876; *compare, Matter of Davis, Brody & Wisniewski [Temple Emanu-El],* 27 AD2d 842). Accordingly, since this proceeding was commenced within 20 days of the service of the second amended demand, it is timely.

The next issue we confront is whether, as a condition precedent to arbitration, respondent was required to submit its claims to petitioner's architect for his decision. Conditions precedent to arbitration are those provisions which are intended to be preliminary to the institution of an arbitration proceeding, the merits of which are to be determined by the courts *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 9).

Inasmuch as the parties' contract contains explicit language evincing their intent that the decision of the architect is a condition precedent to arbitration,[1] Supreme Court properly stayed arbitration of those claims which respondent did not submit to the architect for his decision *(see, Matter of Board of Educ. v Hatzel & Buehler,* 156 AD2d 684, *lv denied* 76 NY2d 703; *New York Tel. Co. v Schumacher & Forelle,* 60 AD2d 151; *compare, Shook of W. Virginia v York City Sewer Auth.,* 756 F Supp 848, 851-854; *Matter of Town of Queensbury [Joseph R. Wunderlich, Inc.],* 175 AD2d 946). We note that *Matter of Spencer-Van Etten Cent. School Dist. (Auchinachie & Sons)* (179 AD2d 855, *lv denied* 79 NY2d 759), relied upon by respondent, is distinguishable in that its holding relates to the issue of the timeliness of the submission of a claim to an architect rather than, as here, the failure to submit a claim.

Education Law § 3813 (1) provides that no action or special proceeding may be maintained against a school district unless a written verified claim was presented to the school district within three months of the accrual of the claim. Where a claim was not timely served, a court, in its discretion, may extend the time to do so *(see,* Education Law § 3813 [2-a]). Such extension, however, cannot exceed the time limit for the commencement of an action, which in a breach of contract action is one year *(see, Hall-Kimbrell Envtl. Servs. v East*

---

1. The contract provides that "[a] decision by the Architect * * * shall be required as a condition precedent to arbitration or litigation of a Claim between the Contractor and Owner as to all such matters arising prior to the date final payment is due".

*Ramapo Cent. School Dist.*, 177 AD2d 56, 59). Thus, the issue we must resolve is whether respondent is foreclosed from seeking relief under Education Law § 3813 (2-b) because its claims are time barred.

In actions involving construction contracts, a claim accrues at the time the contractor's damages become ascertainable *(see, Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283, 290; *Castagna & Son v Board of Educ. [New Dorp High School]*, 151 AD2d 392). It generally has been recognized that a contractor's damages are ascertainable once the work is substantially completed or a detailed invoice of the work has been submitted and not, as Supreme Court determined, when each discrete item of work was performed and completed *(see, Eastern Envtl. Servs. v Brunswick Cent. School Dist.*, 188 AD2d 777; *G.A. Contrs. v Board of Educ.*, 176 AD2d 856).

Here, the proof shows that the renovation work was substantially completed on January 8, 1993 and the work on the addition on August 30, 1993. Even if we accept the former date as the date of accrual, respondent was entitled to seek relief under Education Law § 3813 (2-b) because its cross motion pursuant thereto was made in November 1993 *(compare, Matter of City School Dist. [Tougher Indus.]*, 173 AD2d 1051, 1053).

We agree that Supreme Court properly granted respondent's cross motion since the record, and particularly the January 28, 1993 extension agreement,[2] demonstrate that petitioner was not unaware of respondent's claims; nor does it appear that petitioner will be penalized by the late filing *(see, Matter of Prote Contr. Co. v Board of Educ.*, 198 AD2d 418, 421; *compare, Matter of Jackson v Board of Educ.*, 194 AD2d 901, 904, *lv denied* 82 NY2d 657).

Cardona, P. J., Mercure and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting the second decretal paragraph thereof, and, as so modified, affirmed.

---

2. In this agreement, petitioner agreed that "[c]urrent arbitration may be amended to include additional claims pre or post filing".