■ ROY C. KNAPP & SONS, INC., Appellant, v COUNTY OF PUTNAM, Respondent. [623 NYS2d 261] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated January 12, 1993, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court's conclusion that the plaintiff's failure to comply with the notice provisions contained in article 24 of the contract entitled the defendant to summary judgment dismissing the complaint. In this construction contract to erect a structure known as the Putnam County Transit Facility, article 24 set forth the procedures for the resolution of controversies over disputed work. Article 24 obligated the plaintiff to provide detailed, itemized notice regarding its claims for additional compensation. When the plaintiff allegedly encountered additional rock which it had to excavate, it did not provide the defendant with the detailed notice required by article 24. By failing to provide the contractually required notice within the time parameters set forth in article 24, the plaintiff breached a condition precedent to maintaining this claim for extra work (see, Ritangela Constr. Corp. v State of New York, 183 AD2d 817; Matter of Board of Educ. v Hatzel & Buehler, 156 AD2d 684; see also, Provo v City of Syracuse, 262 NY 127; O'Brien v Mayor of City of N. Y. 139 NY 543).

Furthermore, the plaintiff's contention that article 24 is not applicable to disputes involving excavation of additional rock is unsupported by the record and is without merit. Article 24 is the contract provision which covers claims for additional compensation. The plaintiff now argues that article 24 is irrelevant to claims involving excavation of additional rock because the contract included a provision to determine compensation for the excavation of additional rock. While article 23 may provide for additional compensation for removal of extra rock at a price to be determined with reference to the set unit price of $210 per cubic yard, it is article 24 which sets forth the relevant provisions regarding the method to be used by the plaintiff in submitting its claims for additional compensation. Since the plaintiff failed to satisfy the relevant notice requirements of article 24, the court properly awarded judgment to the defendant as a matter of law. Moreover, since the plaintiff failed to comply with the notice requirements of article 24, the court properly denied its cross-motion to amend its complaint to plead compliance therewith (see, Staines v Nassau Queens Med. Group, 176 AD2d 718).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.