◼ JUSTIN ELECTRICAL, INC., Respondent, v BOARD OF EDUCATION OF SHENENDEHOWA CENTRAL SCHOOL DISTRICT, Appellant. [633 NYS2d 862] —Casey, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered October 13, 1994 in Saratoga County, which denied defendant's motion to dismiss the complaint as time barred.

At issue on this appeal is whether plaintiff's breach of contract action against defendant should be dismissed for lack of compliance with the Education Law § 3813 notice of claim requirement. Supreme Court denied defendant's motion to dismiss, concluding that a question of fact existed as to whether plaintiff's notice of claim was filed within 3 months of the accrual of the claim. We agree and, therefore, affirm the order.

In actions of this nature, the claim accrues for the purpose of the notice of claim requirement when the contractor's damages become ascertainable (*see, Matter of Board of Educ. [Wagner Constr. Corp.]*, 37 NY2d 283, 290). It is generally recognized that damages are ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted to the school district (*see, Matter of Board of Educ. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854, 856; *G.A. Constrs. v Board of Educ.*, 176 AD2d 856, 857). Defendant contends that the work was substantially completed on August 18, 1992, the date listed in the certificate of substantial completion prepared by the project engineer and signed by the parties. As noted by Supreme Court, the project engineer did not prepare the certificate until November 1992 and backdated the substantial completion date. The certificate referred to the completion of the entire project sufficient to permit defendant's occupancy and did not, in our view, necessarily establish that plaintiff's electrical work was substantially completed for the purpose of determining whether its damages were ascertainable.

Evidence in the record demonstrates that plaintiff continued to perform electrical work long after August 18, 1992 and continued to receive periodic payments which were substantial. Defendant claims that the subsequent work performed by plaintiff involved mere punch list items and additional work outside the scope of the original contract. With regard to the latter claim, the record indicates only one contract between the parties and all of the work performed by plaintiff appears to have been done pursuant to that contract. The mere fact that some of the work can be characterized as punch list items performed subsequent to a "substantial completion" date does not preclude the court from considering the work in determining the date upon which the claim accrued (*see, Prote Contr. Co. v Board of Educ.*, 183 AD2d 404, 405). Defendant's reliance on *Castagna & Sons v Board of Educ.* (151 AD2d 392) is misplaced. In that case, the plaintiff had submitted a substantial completion statement in a formal application for payment, and the punch list items requested by the school district amounted to only $5,000 on a contract which exceeded $1.4 million. Here, plaintiff executed a backdated certificate of substantial completion prepared by the project engineer, but continued to perform work requested by defendant and continued to receive substantial periodic payments from defendant. Plaintiff's application for final payment was not submitted until May 25, 1993.

Considering the scope of the inquiry on a motion to dismiss

(*see, Rovello v Orofino Realty Co.*, 40 NY2d 633), we agree with Supreme Court that the evidence does not permit a determination as a matter of law on the issue of the accrual of plaintiff's claim. Whether the work performed by plaintiff after the substantial completion date certified by the project engineer was merely incidental, as defendant contends, or was sufficient to demonstrate a later accrual date, as plaintiff contends, is an issue which cannot be decided on a motion to dismiss in this case.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.