■ In the Matter of the Arbitration between SARANAC CENTRAL SCHOOL DISTRICT, Appellant, and SWEET ASSOCIATES, INC., Respondent. [651 NYS2d 759] —Mikoll, J. P. Appeal from an

order of the Supreme Court (Ryan, Jr., J.), entered February 14, 1996 in Clinton County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

The origin of this proceeding is a contract dispute between petitioner, a school district, and respondent, a contractor hired by petitioner to perform renovation work on its school, relating to whether seismic reinforcing is required in masonry walls. Petitioner, through its architect in charge of the project, informed respondent that such reinforcement was required pursuant to the contract drawings and specifications; respondent maintained that said work was outside the contract's scope. After various informal discussions apparently ensued over this dispute and two letters were sent to respondent from the architect (dated April 11, 1995 and May 17, 1995), respondent received a third letter dated June 8, 1995 from the architect which stated, "This letter should serve as a directive to [respondent] to furnish and install the reinforcing as indicated on the drawings and included in the specifications." Respondent viewed this letter to be the architect's final decision on the matter and, in accordance with this belief, served petitioner on June 20, 1995 with both a notice of claim dated June 15, 1995 concerning the dispute (see, Education Law § 3813 [1]) and demand for arbitration dated June 19, 1995.

After securing a temporary stay, petitioner moved to permanently stay arbitration contending that respondent's notice of claim was untimely under paragraph 2.3.15 of the contract and that respondent failed to comply with the Education Law § 3813 (1) mandate that it give petitioner 30 days from the notice of claim to take action before commencing an arbitration proceeding. Respondent cross-moved for an order extending its time to file a notice of claim in the event it was determined that same was untimely. Supreme Court denied petitioner's motion to stay arbitration and dismissed respondent's cross motion as moot, prompting this appeal.

The contract between the parties provides that all disputes should initially be referred to the *architect* for resolution (*cf., Matter of Board of Educ. [Heckler Elec. Co.]*, 7 NY2d 476) and are subject to arbitration upon the written demand of either party. Under the explicit terms of paragraph 2.3.15 of the contract, the 30-day time limitation within which a demand for arbitration must be made only applies in the event that petitioner's architect issues a written decision on a disputed matter and such decision states that (1) it is final but subject to appeal, and (2) any demand for arbitration be made within 30

days after its receipt. Inasmuch as none of the architect's letters to respondent contains this language, the 30-day time restriction was never triggered in this case (*see, Matter of Riggi [Lupe Constr. Co.]*, 176 AD2d 1177, 1179). Rather, pursuant to paragraph 7.9.2 of the contract, respondent need only to demand arbitration "within a reasonable time after the claim". In our view, respondent's June 20, 1995 demand for arbitration was made within a reasonable time of its claim. In light of this finding, there is no conflict between the contract and Education Law § 3813 (1) under the facts of this case.

Turning to petitioner's claim that arbitration should be permanently stayed because respondent failed to comply with Education Law § 3813 (1), we are not persuaded. While respondent failed to allege in its demand for arbitration that petitioner refused to or simply did not pay the claim within 30 days of the notice of claim (*see*, Education Law § 3813 [1]) (given the simultaneous serving of the notice of claim and demand for arbitration, such an allegation could not have been made at that time), this does not constitute a defect in the notice of claim, which we note was timely filed, mandating a permanent stay of arbitration (*cf., Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539). Rather, this is a defect in the demand for arbitration which can be remedied by vacating the demand for arbitration and staying arbitration, without prejudice to respondent to serve an amended demand in compliance with Education Law § 3813 (1) (*see, Carthage Cent. School Dist. No. 1 v Reddick & Sons*, 67 AD2d 808, 810).

Crew III, White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, application granted and arbitration stayed without prejudice to respondent to serve an amended demand for arbitration within 10 days of the date of this Court's decision.