◼ MARTIN IRON & CONSTRUCTION CORP., Appellant, v E.W. HOWELL CO., INC., et al., Respondents. [664 NYS2d 746] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated July 10, 1996, which granted

the respondents' motion for partial summary judgment dismissing the first, second, third, fourth, and tenth causes of action in the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly awarded the defendants partial summary judgment dismissing the plaintiff's first, second, third, fourth, and tenth causes of action seeking additional compensation for extra work performed on the Public School No. 7 project in Elmhurst, Queens. The defendants established that the releases signed by the plaintiff barred any claims for additional work occurring prior to September 30, 1993 (*see, E.M. Substructures v City of New York,* 73 AD2d 608; *Mars Assocs. v City of New York,* 70 AD2d 839, *affd* 53 NY2d 627). The defendants further established that the plaintiff had not received written authorizations for any additional work it allegedly performed subsequent to September 30, 1993 (*see, Knapp & Sons v County of Putnam,* 212 AD2d 770; *Smith Elec. Contrs. v City of New York,* 181 AD2d 542). Since the contract expressly provided that extra work had to be authorized in writing, and the plaintiff has failed to offer any evidence that the defendants waived that requirement (*see, Sturdy Concrete Corp. v NAB Constr. Corp.,* 65 AD2d 262; *cf., Davis Acoustical Corp. v National Sur. Corp.,* 27 AD2d 624), the plaintiff may not recover for alleged extra work it claims to have performed pursuant to the contract, subsequent to September 30, 1993. Finally, to the extent that the plaintiff claims that it performed additional work subsequent to September 30, 1993, pursuant to a separate implied oral contract which did not require prior written authorization as a condition precedent to payment, the plaintiff has failed to prove the existence of any such agreement and thus, there can be no recovery thereunder.

We have examined the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.