■ In the Matter of the Arbitration between SARANAC CENTRAL SCHOOL DISTRICT, Respondent, and SWEET ASSOCIATES, INC., Appellant, et al., Respondent. [686 NYS2d 869] —Mikoll, J. Appeal from an order of the Supreme Court (Dawson, J.), entered August 6, 1997 in Clinton County, which, inter alia, partially granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

This appeal deals with a disagreement between respondent Sweet Associates, Inc. (hereinafter respondent), a masonry contractor, and petitioner, a school district. The parties entered into a contract for $3,572,600 in March 1995. Respondent filed a claim on June 15, 1995 for approximately $100,000 based on work to be completed. On June 19, 1995 respondent demanded arbitration, which was the subject of a prior determination by

this Court.* Between September 1995 and November 1995, respondent notified the construction manager, Harza Northeast, of its intention to file claims. Respondent specifically requested Harza to present claims/questions to the architect for written interpretation and decision. Respondent filed another claim on October 27, 1995 for damages estimated in excess of $500,000.

In January 1996, petitioner replaced Harza with a new construction manager, Bernier, Carr & Associates (hereinafter BCA), which notified respondent that the problems with Harza would be resolved. No resolution of the dispute occurred and on March 28, 1996 respondent filed for damages in excess of $1,345,422 based on its substantial completion of the project. On January 10, 1997 respondent amended its claim by adding a November 7, 1996 claim for $145,000.

Petitioner commenced this proceeding to stay respondent's arbitration demand, claiming that respondent had neither complied with the contract provisions nor the provisions of Education Law § 3813. Respondent cross-moved to compel arbitration. Supreme Court ruled that the initial demand for arbitration based on respondent's letters sent directly to the architect, and totaling approximately $145,000, was proper and denied petitioner's request for a stay as to such matter. It found, however, that the balance of respondent's demand for $1,345,422 was not subject to arbitration because architect review was a condition precedent to arbitration, notwithstanding the construction manager's failure to present respondent's claims which had been submitted to him and were intended for the architect. Respondent appeals.

We disagree with Supreme Court and hold that the condition precedent requiring submission of all claims to the architect was not violated for the reasons articulated herein. We also reject petitioner's claim that this Court's prior decision (235 AD2d 707) precludes all but the claim for $145,000.

It is well settled that in disputes involving contract interpretations and conditions precedent, courts look to the specific language of the contract (*see, Matter of Liebhafsky [Comstruct Assocs.]*, 62 NY2d 439, 441; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 10; *Matter of Board of Educ. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854, 855). It is also well settled that contract ambiguities should be construed against the drafter (*see, Uribe v Merchants Bank*, 91 NY2d 336).

---

* This Court found that the claim was proper, but ordered that the demand for arbitration be vacated without prejudice to serve an amended demand in compliance with the requirements of Education Law § 3813 (*Matter of Saranac Cent. School Dist. [Sweet Assocs.]*, 235 AD2d 707).

The three relevant clauses in the instant contract provide as follows. Paragraph 2.3.12 of the contract provides that "[c]laims, disputes and other matters in question between Contractor and the Owner relating to the execution or progress of the work or the interpretation of the Contract Documents shall be referred initially to the Architect for decision". Additionally, paragraph 2.3.15 provides that "[a]ny claim, dispute or other matter in question between the Contractor and the Owner referred to the Architect through the Construction Manager * * * shall be subject to arbitration upon the written demand of either party. However, no demand for arbitration of any such claim, dispute or other matter may be made until the earlier of (1) the date on which the Architect has rendered a written decision, or (2) the tenth day after the parties have presented their evidence to the Architect or had been given a reasonable opportunity to do so, if the Architect has not rendered a decision by that date". Paragraph 4.16.1 of the contract provides that "[t]he Contractor shall forward all communications to the Owner and the Architect through the Construction Manager". Taking the three contract clauses together, it is submitted that the "condition precedent" may be interpreted to mean that it may be met by either submitting a claim to the architect or by communicating the claim to the construction manager. We find the contractual language to be ambiguous and conclude that it should be construed against petitioner.

The next issue raised on appeal is whether the claims were filed in a timely fashion. Education Law § 3813 (2-b) requires that a claim be filed within one year of accrual. Here, the actual supplemental claim was filed on March 28, 1996 and further amended on November 7, 1996. The January 10, 1997 demand for arbitration includes these claims. Petitioner contends that the work was completed by March 1996 while Supreme Court found the work to be completed by September 1996. Under either date, the demand for arbitration falls within the one-year Statute of Limitations of Education Law § 3813 (2-b).

Cardona, P. J., White, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to respondent Sweet Associates, Inc., by reversing so much thereof as partially granted the petition and stayed arbitration of a portion of the claims of respondent Sweet Associates, Inc.; petition denied to that extent and cross motion to compel arbitration of said claims is granted; and, as so modified, affirmed.