In the Matter of PETER MORRIS, Respondent, v JOHN J. SIGNORELLI, Respondent, and PETER G. SIGNORELLI, Appellant. [779 NYS2d 786]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of claims for compensation, Peter G. Signorelli appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated April 2, 2003, as granted that branch of the petition which was to stay arbitration against Peter G. Signorelli on the ground that he was not covered by the arbitration clause of the parties' agreement.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to stay arbitration against Peter G. Signorelli on the ground that he was not covered by the arbitration clause is denied.

John J. Signorelli, Peter G. Signorelli (hereinafter collectively the Signorellis), and Peter Morris are parties to an agreement, inter alia, providing for the employment of the Signorellis. The Signorellis demanded arbitration of claims for compensation arising under the agreement pursuant to the arbitration clause of the agreement. Morris commenced this proceeding to permanently stay arbitration. Morris argued, inter alia, that the arbitration clause of the agreement applied to John J. Signorelli only. The Supreme Court granted that branch of the petition which was to stay arbitration against Peter G. Signorelli.

With the exception of two articles not here relevant, the arbitration clause of the parties' agreement provides for the arbitration of "each and every controversy or claim arising out of or relating to this Agreement, or the breach thereof." Peter G. Signorelli's claim falls within the broad scope of this clear, explicit, and unequivocal arbitration clause (see TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339 [1998]; Matter of Waldron [Goddess], 61 NY2d 181, 183 [1984]). Thus, that branch of the petition which was to stay arbitration against Peter G. Signorelli on the ground that he was not covered by the arbitration clause should have been denied, and his claim, like John J. Signorelli's claim, is subject to the condition precedent of nonbinding mediation. Ritter, J.P., Goldstein, Crane and Spolzino, JJ., concur.