■ PETER MORRIS, Respondent, v PETER G. SIGNORELLI, Appellant. [784 NYS2d 895]—

In an action for a judgment declaring that the plaintiff did not personally guarantee any obligations owed to the defendant under an agreement dated August 1998, the defendant appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered January 23, 2004, as granted the plaintiff's motion for summary judgment and declared that the plaintiff did not personally guarantee any obligations owed to the defendant under the agreement.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the motion is denied, upon searching the record, summary judgment is granted to the defendant, and it is declared that the plaintiff personally guaranteed obligations owed to the defendant under the agreement dated August 1998.

Contrary to the plaintiff's contention, a plain reading of the clear, unequivocal, and unambiguous language of the personal guaranty provision of the agreement at issue reveals that the guaranty encompasses obligations owed to the defendant under the agreement (see R/S Assoc. v New York Job Dev. Auth., 98 NY2d 29, 32 [2002]; Reiss v Financial Performance Corp., 97 NY2d 195, 198 [2001]; cf. Matter of Morris v Signorelli, 9 AD3d 433 [2004]).

On appeal, the defendant argues for the first time that the scope of the personal guaranty provision should be determined at an arbitration pursuant to the agreement (see Matter of Morris v Signorelli, supra), not by the court. However, assuming that this argument may be properly raised for the first time on appeal (see Gammal v La Casita Milta, 5 AD3d 630 [2004]), the defendant waived the right to have this issue determined at arbitration by fully participating in this action on the merits without objection (see Sherrill v Grayco Bldrs., 64 NY2d 261, 272-273 [1985]; cf. Ruttura & Sons Constr. Co. v Petrocelli Constr., 257 AD2d 614 [1999]).

The defendant's remaining contention is academic in light of our determination. Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.