■ In the Matter of LAKELAND FIRE DISTRICT, Respondent, v EAST AREA GENERAL CONTRACTORS, INC., Appellant. [791 NYS2d 594]—

In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated January 13, 2004, which granted the petition.

Ordered that the judgment is affirmed, with costs.

Pursuant to subparagraphs 4.3.1 and 4.3.2 of the contract between the parties in this case, the appellant, East Area General Contractors, Inc. (hereinafter East Area), was required to refer its claim against the petitioner, Lakeland Fire District, in writing to the architect designated in the contract, Frank G. Relf, Architects, P.C., within 21 days after the claim occurred or after East Area "recognize[d] the condition giving rise to [such] claim," whichever was later. According to subparagraph 4.4.1 of the contract, an "initial decision by the Architect [was] required as a condition precedent to mediation." Pursuant to subparagraphs 4.5.1 and 4.5.2 of the contract, mediation in accordance with the Construction Industry Mediation Rules of the American Arbitration Association was, in turn, a "condition precedent to arbitration or the institution of legal or equitable proceedings."

Here, "reference of the parties' disputes to the Architect was a condition precedent to arbitration" (*Matter of Asphalt Green [Herbert Constr. Co.]*, 210 AD2d 21 [1994]). The parties' contract "contain[ed] explicit language evincing [their] intent that the decision of the architect is a condition precedent to arbitration" (*Matter of Board of Educ. of Schenevus Cent. School Dist. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854, 855 [1994]; *see Matter of Morris v Signorelli*, 9 AD3d 433 [2004], *lv denied* 3 NY3d 610 [2004]; *Matter of Board of Educ., Longwood Cent. School Dist. v Hatzel & Buehler*, 156 AD2d 684 [1989]; *cf. Matter of*

*Liebhafsky [Comstruct Assoc.],* 62 NY2d 439 [1984]; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7-8 [1980]; *Matter of Saranac Cent. School Dist. [Sweet Assoc.],* 253 AD2d 566 [1998]). The contract is equally clear and unambiguous in requiring that the claim be submitted to mediation after the decision of the architect, and that such mediation was a further condition precedent to arbitration.

There is no proof that East Area, either before or after the 21-day period noted above (*cf. Matter of Spencer-Van Etten Cent. School Dist. v A. Roy Auchinachie & Sons, Inc.,* 179 AD2d 855 [1992]), properly referred its claim to the architect in accordance with the contract, or that it thereafter sought mediation at any time; both of these steps were expressly defined as conditions precedent to arbitration. Even assuming that the letter dated September 26, 2001, written by a representative of another party to the subject project, could be considered the equivalent of a decision of the architect, the fact remains that East Area never requested mediation, even though it could have done so on the same form that it later used to demand arbitration (*see Matter of Morris v Signorelli, supra*). The Supreme Court therefore was correct in concluding that the appellant failed to satisfy a condition precedent to arbitration, and in granting the petitioner's request for a permanent stay of the arbitration.

We also agree with the petitioner that East Area failed to file a notice of claim within six months after its cause of action had accrued, thus failing to comply with Town Law § 180. This circumstance furnished an additional basis upon which to grant the permanent stay of arbitration (*see Town of Islip v Stoye,* 29 NY2d 524 [1971]; *Elmont Fire Dist. v Lapeka Constr. Corp.,* 232 AD2d 636 [1996]; *see also Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.],* 53 NY2d 306 [1981]; *Matter of Board of Educ. of Enlarged Ogdensburg City School Dist. [Wager Constr. Corp.],* 37 NY2d 283 [1975]; *Matter of City School Dist. of City of Amsterdam [Tougher Indus.],* 173 AD2d 1051 [1991]; *Board of Educ. of Half Hollow Hills Cent. School Dist. v Joseph Zanghi Constr. Corp.,* 127 AD2d 725 [1987]; *F&G Heating Co. v Board of Educ.,* 103 AD2d 791 [1984]). H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.