■ In the Matter of 3202 OWNERS CORP., Appellant. BILLY CONTRACTORS, INC., Respondent. [811 NYS2d 727]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of certain claims pursuant to the parties' construction contract, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated February 16, 2005, as denied the petition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is granted, and the arbitration is stayed.

The respondent failed to comply with a condition precedent under the arbitration provision of the parties' construction contract. Thus, the Supreme Court should have granted the petition to stay arbitration (*see Matter of Lakeland Fire Dist. v East Area Gen. Contrs., Inc.*, 16 AD3d 417 [2005]).

Pursuant to subparagraph 4.4.1 of the contract, the respondent was required to refer claims arising thereunder to the project architect for resolution. The contract provided that a decision by the architect was a condition precedent to arbitration for all claims arising before the date final payment was due unless 30 days had passed after submission of the claim to the architect without a decision having been made. Pursuant to subparagraph 4.3.1 of the contract, a claim included a demand for the payment of money. Subparagraph 5.2 provided that final payment became due when the architect issued a certificate of payment.

At the time the respondent filed the demand for arbitration, the architect had not issued a certificate of payment and the respondent had not submitted the subject claim to the architect. Accordingly, final payment was not yet due and the respondent was required to submit the claim for payment to the architect for resolution as a condition precedent to arbitration (*see Matter of Lakeland Fire Dist. v East Area Gen. Contrs., Inc., supra*). The respondent's belated referral of the claim to the architect did not cure the defect (*see Matter of Asphalt Green [Herbert Constr. Co.]*, 210 AD2d 21 [1994]).

Contrary to the appellant's contention, the part of the claim for brick replacement work relating to Administrative Code of City of New York § 27-129, as amended by Local Law No. 11 (1998) of City of New York, was governed by the arbitration provision (*see Matter of Village of Jordan v Memphis Constr. Co.*, 109 AD2d 1055 [1985]). Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.