O'BRIEN & GERE LIMITED et al., Appellants-Respondents, v NEXTGEN CHEMICAL PROCESSES, INC., et al., Respondents-Appellants. [864 NYS2d 617]—

Appeal and cross appeal from an amended order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 26, 2007 in an action for, inter alia, breach of contract. The amended order, among other things, granted in part defendants' motion to dismiss the complaint.

It is hereby ordered that the amended order so appealed from is unanimously modified on the law by granting that part of the motion seeking dismissal of the complaint in its entirety and dismissing the complaint in its entirety and as modified the amended order is affirmed without costs.

Memorandum: Plaintiffs appeal and defendants cross-appeal from an amended order that, inter alia, granted in part defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. We conclude that Supreme Court erred in failing to dismiss the complaint in its entirety based on plaintiffs' failure to satisfy a condition precedent to commencing the action (*see generally Matter of Lakeland Fire Dist. v East Area Gen. Contrs., Inc.*, 16 AD3d 417 [2005]), and we therefore modify the amended order accordingly.

Pursuant to the construction management services terms and conditions, incorporated into the parties' services agreement, the parties agreed "to make a good faith effort to resolve any controversy, dispute or claim arising out of, or related to, this Agreement ('Dispute') by the use of *alternative dispute resolution* [ADR] procedures provided herein, prior to, and *as a condition of*, commencing any action or proceeding at law or in equity" (emphasis added).

Contractual provisions requiring parties to participate in ADR as a condition precedent to commencement of an action do not violate public policy in New York (*see Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47, 53-54 [1993]; *see also Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 87 NY2d 927, 930 [1996], *rearg denied* 88 NY2d 875 [1996]). The provi-

sion in question evinces the requisite "clear, explicit and unequivocal" intent of the parties to participate in ADR (*General Ry. Signal Corp. v Comstock & Co.*, 254 AD2d 759, 759 [1998], *lv dismissed in part and denied in part* 93 NY2d 881 [1999] [internal quotation marks omitted]), and it is undisputed that such participation did not occur. Contrary to plaintiffs' contention, defendants did not waive compliance with the contractual provision.

In light of our determination, we do not reach the parties' remaining contentions. Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.