Hudson Meridian Constr. Group LLC v Bayport Constr. Corp. (2024 NY Slip Op 03383)

Hudson Meridian Constr. Group LLC v Bayport Constr. Corp.

2024 NY Slip Op 03383

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Friedman, J.P., González, Rodriguez, O'Neill Levy, JJ. 

Index No. 654901/18 Appeal No. 2536 Case No. 2021-03541 

[*1]Hudson Meridian Construction Group LLC, Plaintiff-Respondent,
v
Bayport Construction Corp., et al., Defendants-Appellants. _ [And A Third-Party Action]

Muchmore & Associates PLLC, Brooklyn (Marwan F. Sehwail of counsel), for appellants.
Rich, Intelisano & Katz, LLP, New York (Daniel E. Katz of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered May 13, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff and third-party defendants' motion for partial summary judgment dismissing defendants' counterclaims and third-party claims and to reduce the amount of challenged mechanic's liens, and denied defendants' cross-motion for summary judgment dismissing plaintiff's breach of contract claim based on delay damages and for a finding of liability against plaintiff on their breach of contract claims, unanimously affirmed, without costs.
Plaintiff, the contractor in charge of the construction of a new 33-story building, hired defendant Senator Construction Group Inc. in September 2017 under a subcontract to provide hoists, overhead protection, sidewalk sheds, and similar equipment for the project. In May 2018, Senator assigned the subcontract to defendant Bayport Construction Corp. Plaintiff terminated the subcontract for cause on or about July 10, 2018, taking possession of defendants' equipment on site per the subcontract. Plaintiff thereafter commenced this action seeking to recover for delays caused by defendants' alleged breaches of contract and for other costs expended in allegedly remedying their defective work. Defendants countersued, filed mechanic's liens, and commenced a third-party action against the property owner and its surety.
Supreme Court correctly granted plaintiff and third-party defendants summary judgment dismissing defendants' claims to the extent they are based on unsigned and unnotarized requisitions and on unsigned and unapproved change orders prepared by defendants (see F. Garofalo Elec. Co. v New York Univ., 270 AD2d 76, 80 [1st Dept 2000], lv dismissed 95 NY2d 825 [2000]; Martin Iron & Constr. Corp. v Howell Co., 242 AD2d 608, 609 [2d Dept 1997]). The terms of the subcontract condition payment of requisitions on the submission of signed and notarized applications. Similarly, the change orders at issue did not comply with the subcontract's definition of change order, "a written instrument prepared and signed by Contractor and signed by Subcontractor," required to authorize additional work. Contrary to defendants' contentions, there is no evidence that the parties meant to be bound by unsigned change orders and proposals proffered by defendants (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005]).
Supreme Court correctly denied defendants summary judgment dismissing plaintiff's claims to the extent they are based on delay damages. Plaintiff's affidavit and evidence submitted in opposition to defendants' cross-motion raised triable issues of fact concerning whether defendants' actions caused delays that impacted completion of the contract, caused damages to plaintiff, or provided some rational basis to estimate its damages (see generally Manshul Constr. Corp. v Dormitory Auth. of State of N.Y., 79 AD2d 383, 387 [1st Dept 1981]; see also Plato Gen. Constr[*2]. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y., 89 AD3d 819, 825 [2d Dept 2011], lv denied 19 NY3d 803 [2012]). This included evidence showing the work other vendors had to perform to remedy delays, the number of working days the project was delayed due to defendants' alleged deficiencies, and the payments plaintiff made to other subcontractors as a result.
Supreme Court correctly denied defendants summary judgment on their breach of contract counterclaims against plaintiff to the extent they seek to collect unpaid rent for their equipment. Defendants failed to prove as a matter of law that Senator's proposed monthly rents are part of the agreement as the subcontract contemplates only a 12-month rental, for which the price was included. Moreover, plaintiff's witness testified that Senator's proposal regarding the rental price for additional months was rejected based on projected need, and the subcontract includes a merger clause (see Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013]).
Supreme Court also correctly denied defendants summary judgment on their breach of contract counterclaims to the extent they seek recovery of the unpaid retainage from requisitions 1 through 6 and of the total amounts sought in requisitions 7 and 8. Based on plaintiff's proffered evidence, there are triable issues of fact concerning whether, under the subcontract article authorizing termination for cause, the unpaid amounts due to defendants exceeded plaintiff's costs to complete defendants' work and resolve any defects and damage, sufficient to warrant defendants' recovery, or whether plaintiff's costs are greater, requiring defendants to pay the difference to plaintiff.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024