■ KENYON & KENYON REILLY CARR & CHAPIN, Plaintiff, v MAKOR SYSTEMS, INC., Respondent, and BERNARD KLEBANOW, Appellant.—Order, Supreme Court, New York County, entered October 6, 1976, denying a motion to compel arbitration, unanimously modified on the law, without costs or disbursements, to the extent of staying further proceedings on the first cross claim, severing it from the main action with leave to the parties to proceed to arbitrate the first cross claim if not rendered moot after the main action has been determined, and otherwise affirmed. The law firm of Kenyon & Kenyon Reilly Carr & Chapin (the law firm) had been retained on behalf of the defendant Makor Systems, Inc. (Makor) by the individual Bernard Klebanow. The law firm brought this suit to recover fees for services rendered. Makor and Klebanow interposed answers. Makor in addition interposed two cross claims against Klebanow. The first cross claim alleged that there was a written agreement by the terms of which a corporation was to be formed, and Klebanow was required to make certain payments, including the legal fees in question. The second cross claim alleges that Klebanow had requested the legal services and had agreed to be liable for their payment. Klebanow moved to stay proceedings on the cross

claims and to compel arbitration of those claims pursuant to the arbitration clause in the agreement. Makor noted in opposition that only the first cross claim is referable to the agreement; that the law firm was not a party to the agreement; and that Makor was not a signatory. Special Term denied Klebanow's motion to stay the action and to compel arbitration. It appears ·that Makor is the successor corporation to the corporation referred to in the agreement. Makor's reliance on the provisions of that agreement to establish its rights must perforce oblige it to adhere to the arbitration clause in the same agreement. Arbitration of the issues raised in the first cross claim would therefore be proper. However, the law firm, which initiated this suit, is not in any way relying on the agreement referred to in the first cross claim, nor was it a signatory to it. It is entitled to proceed with its plenary action. Orderly procedure would dictate that the main action and the defenses and claims other than the first cross claim of Makor proceed, and that the first cross claim be severed and proceedings thereon be stayed pending determination of the plenary suit. The parties at that time may then proceed to arbitration of the first cross claim, if necessary. Concur—Kupferman, J. P., Evans, Capozzoli, Lane and Yesawich, JJ.