OPINION OF THE COURT

Per Curiam.

The question presented on this appeal is whether a contractor, whose services have been terminated by the property owner for substantial breach of the contract, must submit his claim for “change order adjustments” to the architect as a condition precedent to arbitration under the “General Conditions of the Contract for Construction” of the American Institute of Architects incorporated in the construction contract. The Supreme Court held that submission to the architect was not required and denied the owner’s application to stay arbitration. The Appellate Division affirmed, with two Justices dissenting. The owners have appealed as of right on the basis of the dissent.
This case involves a variation on the issue decided in Matter of County of Rockland (Primiano Constr. Co.) (51 NY2d 1). In Primiano we held that under the “General Conditions”, the “authority of the architect is centered on the operational phases of construction” and thus a “claim * * * for delay damages, asserted some two years after substantial completion of the project and occupation of the building” need not be submitted to the architect as a condition precedent to arbitration (51 NY2d, p 11). The variation presented by the case now before us is whether the same principle should apply when the contractor’s services have terminated, not because of substantial completion of the contract, but on the ground that the contractor has substantially violated its terms.
Under article 2 of the General Conditions of the Contract for Construction, the architect’s role as mediator, to whom all disputes “relating to the execution or progress of the Work or the interpretation of the Contract Documents shall be referred initially”, is but one aspect of the architect’s general responsibility to supervise the contract in order to expedite its completion. The essence of our decision in Matter of County of Rockland (Primiano Constr. Co.) (supra) is that this role terminated once the architect *441 is no longer responsible for supervising the contractor’s performance. Whether the contractor’s services have terminated because of substantial completion of the work or on the ground that he has substantially violated the terms of the contract is not controlling. In either instance the architect’s responsibility to supervise the contractor’s performance and, by extension initially mediate his disputes, is at an end.
The obligation imposed on the architect pursuant to section 14.2.1 is essentially unrelated to this problem. That section simply imposed on the architect the residual responsibility of certifying the amount, if any, to be paid to the discharged contractor or the owner as a result of the work done prior to the contractor’s discharge. It does not expressly require the architect to resolve disputes or assume the role of an on-the-spot mediator for discharged contractors in order to help expedite completion of the project. Indeed under the terms of article 14 such a calculation would not be made until the project has been completed. There is therefore no basis for concluding that the calculation to be performed by the architect pursuant to section 14.2.2 was intended to serve as a condition precedent to arbitration.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in Per Curiam opinion.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.