■ HUEN NEW YORK, INC., Appellant, v BOARD OF EDUCATION CLINTON CENTRAL SCHOOL DISTRICT, Respondent. [890 NYS2d 748]—

Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered January 2, 2009 in a breach of contract action. The order and judgment granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: In this breach of contract action, plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff failed to comply with the written notice of claim requirements set forth in its two contracts with defendant. We reverse.

We note at the outset that defendant failed to raise in its brief any issue with respect to the alternative ground upon which it moved for summary judgment dismissing the complaint, i.e., that plaintiff failed to comply with the notice of claim requirement pursuant to Education Law § 3813. Although defendant was entitled to raise that issue as an alternative ground for affirmance (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]), defendant did not do so, despite the fact that Supreme Court indicated that it was

not reaching that issue in view of the fact that it otherwise was dismissing the complaint. We thus deem any issue with respect thereto abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Turning to the merits, plaintiff, an electrical contractor, entered into two contracts with defendant for work on a capital improvement project (project) at the Clinton Central School District. The contracts included two substantial completion dates, one in January 2003 for phase I of the project and the other in January 2004 for phase II of the project. As a result of various delays and other problems arising during the course of construction, the entire project was not completed until September 2004. On September 7, 2004, plaintiff presented defendant with a document entitled "notice of claims," seeking damages for increased costs incurred by plaintiff as the result of the delay. Approximately one week later, plaintiff submitted a more detailed "notice of claim" to the project architect. Thereafter, plaintiff commenced this action, alleging that defendant breached the contracts by causing unreasonable and uncontemplated delays. In support of its motion for summary judgment dismissing the complaint, defendant relied on the notice of claims provisions in article 4 of both contracts, specifically section 4.3.2. That section is entitled "Time Limits on Claims" and provides in relevant part that "[c]laims by either party must be initiated within 21 days after the occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later." The section in question further provides that "[c]laims must be initiated by written notice to the Architect and the other party." Section 4.4.1 of the contracts provides that "[a]n initial decision by the Architect shall be required as a condition precedent to . . . litigation" of any claim.

We agree with plaintiff that the notice provisions upon which defendant relies do not apply to the causes of action asserted by plaintiff. Rather, the contracts contain an express provision governing claims for damages arising out of delay in the commencement or progress of the work, and it is a well-established principle of contract interpretation that specific provisions concerning an issue are controlling over general provisions (*see DeWitt v DeWitt*, 62 AD3d 744, 745 [2009]). The contracts previously contained certain provisions that were thereafter deleted in their entirety, including a provision that "[c]laims relating to time shall be made in accordance with applicable provisions of" section 4.3, which is entitled "CLAIMS AND DISPUTES." Those prior provisions were replaced with supplementary condi-

tions to the contracts governing delays and extensions of time. The substituted section 8.3.2 provides in relevant part that, in the event that the contractor is "obstructed or delayed in the commencement, prosecution or completion of the Work, without fault on its part, by reason of failure to act, direction, order, neglect, delay or default of the Owner, the Architect, or any other contractor employed on the Project [or] by changes in the Work . . . then Contractor shall be entitled to an extension of time . . . , but no claim for extension of time on account of delay shall be allowed unless a claim in writing therefor[ ] is presented to Architect with reasonable diligence but in any event not later than [10] days after the commencement of such claimed delay . . . Except to the extent, if any, expressly prohibited by law, *Contractor expressly agrees not to make, and hereby waives, any claim for damages, including those resulting from increased labor or material cost, on account of any delay*, obstruction or hindrance for any cause whatsoever, whether or not foreseeable and whether or not anticipated including but not limited to the [aforementioned] causes, and agrees that the sole right and remedy therefor[ ] shall be extension of time, provided the requisite condition as to [a] written claim has been met" (emphasis added).

The substituted section 8.3.4 of the contracts states that "[i]t is emphasized that no monetary recovery may be obtained by Contractor for delay," and that a contractor's exclusive remedy for delay is an extension of time "only upon compliance with the notice and proof requirements of [section] 8.3.2."

We conclude that the deletion of the provision referring claims based on delay to the notice of claims procedure set forth in section 4.3.2 of the contracts, together with the substitution of a new claims procedure in article 8 governing delays, establishes the parties' intent to remove claims based on delay from the ambit of section 4.3. As further evidence of the parties' intent, we note that section 4.3.1 of the contracts defines a claim as "a demand or assertion by one of the parties seeking, *as a matter of right*, adjustment or interpretation of the Contract terms, payment of money, extension of time or other relief *with respect to the terms of the Contract*" (emphasis added). In light of the fact that article 8 of the contracts specifically precludes delay damage claims, except to the extent prohibited by law (*see generally Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986], *rearg denied* 68 NY2d 753 [1986]), we conclude that plaintiff's request for delay damages is not a demand premised, as a matter of right, on the terms of the contract. To the contrary, plaintiff's request for delay damages seeks relief wholly outside the scope of the contracts.

Moreover, it is well settled that claims for delay damages are beyond the authority of a project architect to administer the contract (*see e.g. International Fid. Ins. Co. v County of Rockland*, 51 F Supp 2d 285, 289 [1999]; *see also Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 11 [1980]). As the court in *International Fidelity Ins. Co.* reasoned in interpreting similar contractual language, "[t]he claims resolution clause in the parties' Construction Contract is a fairly standard device that has arisen in the construction industry to effect a quick resolution of disputes that arise *during construction* and that might cause delay if they are not taken care of immediately. New York courts examining such clauses have rejected the notion that project architects are empowered to resolve delay damages disputes" (51 F Supp 2d at 289).

Here, plaintiff gave the architect prompt and repeated notice of the underlying problems that arose during construction and that, according to plaintiff, caused the various delays. The architect had no authority, however, to determine plaintiff's claim for delay damages upon substantial completion of the project inasmuch as that claim is contrary to the "no damages for delay" clause in the contracts. We thus conclude that the court erred in granting defendant's motion and that the complaint should be reinstated. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Pine, JJ.