■ NEAL OSTBERG, Respondent, v DRAGAN LITRIC, Also Known as DANNY LITRIC, Doing Business as LITRIC CONTRACTING, Appellant. [915 NYS2d 256]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered May 27, 2010, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

The complaint properly states a cause of action for confirmation of the architect's decision, and defendant failed to demonstrate that the contract documents conclusively establish a defense to that cause of action. Contrary to defendant's contention, the Court of Appeals' decisions in *Matter of County of Rockland (Primiano Constr. Co.)* (51 NY2d 1 [1980]) and *Matter of Liebhafsky (Comstruct Assoc.)* (62 NY2d 439 [1984]) do not hold as a matter of law that an architect is automatically divested of authority to render a decision on a claim submitted to him or her after the construction is substantially completed or the contract is terminated due to either party's default. Rather, the holdings in those cases were dependent on the language of the particular dispute resolution procedures contained in the contracts at issue therein.

Here, the dispute resolution procedures broadly require that all "disputes and matters in question between the Owner and the Contractor arising out of or relating to the Contract" be submitted to the architect for decision as a condition precedent to mediation, arbitration, or litigation, and do not place any time limits on the architect's authority to render such decisions. Thus, the architect's decision was not invalidly rendered merely by virtue of the fact that plaintiff submitted his claim to the architect after the contract was terminated (*see e.g. BAE Automated Sys., Inc. v Morse Diesel Intl., Inc.*, 2001 WL 547133, *5, 2001 US Dist LEXIS 6682, *13-16 [SD NY 2001]). If defendant disputed the authority of the architect to render a decision on plaintiff's claim, it was incumbent on him to assert his challenge at the time the claim was submitted, not remain silent and seek to challenge the architect's authority after an adverse decision had been rendered against him.

The motion court also correctly held that defendant's remaining grounds for dismissal were not properly before the court. Defendant's claim that plaintiff and the architect committed procedural errors in connection with the dispute resolution provisions is unavailing. The requirements that a party submit a claim to the architect within 21 days of its occurrence, that a party respond to any requests by the architect for a response or additional information within 10 days of such request, and that the architect render a decision on the claim within 30 days of its submission are conditions *in* arbitration, which are beyond the scope of a court's authority to address (*see Primiano*, 51

NY2d at 7-9), even though arbitration of this matter was not demanded by either party. Since defendant chose not to participate in the dispute resolution procedures at all, this is not the proper forum for him to complain that the procedures were not followed.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Renwick and DeGrasse, JJ.