GREECE CENTRAL SCHOOL DISTRICT, Respondent, v GARDEN GROVE LANDSCAPE, Appellant, et al., Defendant. [935 NYS2d 777]—

Memorandum: In this breach of contract action arising from a school construction project (hereafter, project), Garden Grove Landscape (defendant) appeals from an order that denied its motion seeking, inter alia, to deem its notice of claim timely pursuant to Education Law § 3813 (2-a). Contrary to defendant's contention, Supreme Court properly concluded that the notice of claim was untimely.

"Pursuant to Education Law § 3813 (1), a notice of claim must be served upon a school district within three months after the accrual of a claim. The timely service of a notice of claim is a condition precedent to the commencement of an action against a school district" (*Lenz Hardware, Inc. v Board of Educ. of Van Hornesville-Owen D. Young Cent. School Dist.*, 24 AD3d 1278, 1279 [2005]). "In the case of an action . . . for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (§ 3813 [1]), and "[a] denial of payment is deemed to occur upon an explicit refusal to pay[ ] or when a party should have viewed [its] claim as having been constructively rejected" (*Oriska Ins. Co. v Board of Educ., Richfield Springs Cent. School Dist.*, 68 AD3d 1190, 1191 [2009] [internal quotation marks omitted]; *see Granite Capital Holdings, Inc. v Sherburne-Earlville Cent. School Dist.*, 84 AD3d 1607, 1608 [2011]). Here, defendant received a letter from the project's architect, dated July 21, 2008, stating that plaintiff was cancelling the contract because defendant "failed to complete the work of the contract

in compliance with the contract documents or within the schedule required." In addition, the attorney for plaintiff sent a letter to defendant's insurer, dated August 6, 2008, indicating that defendant "failed to perform the work and as a result has received a notice of default." Consequently, we conclude that defendant should have viewed its claim for payment under the contract as having been constructively rejected as of the receipt of those letters, and thus the court properly concluded that the claim accrued at that time. Defendant's notice of claim was filed July 20, 2010, and it therefore was untimely.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Fahey, Carni, Sconiers and Gorski, JJ.