Order, Supreme Court, New York County (Debra A. James, J), entered October 25, 2011, which denied defendant Bulson Management LLC’s motion to stay the cross claims asserted against it by defendant Diandra Douglas and to compel arbitration of the cross claims, unanimously modified, on the law, to the extent of staying further proceedings on the cross claims, severing the cross claims from this action with leave to proceed to arbitrate the cross claims if not rendered moot after resolution of the other claims in this action, and otherwise affirmed, without costs.
Questions as to whether the cross claims fall within the scope of the arbitration agreement between defendants, and whether the conditions precedent to arbitration have been waived, or if they are conditions in arbitration rather than conditions to arbitration, are for the arbitrator to decide (see Life Receivables Trust v Goshawk Syndicate 102 at Lloyd’s, 66 AD3d 495, 496 [1st Dept 2009], affd 14 NY3d 850 [2010], cert denied 562 US —, 131 S Ct 463 [2010]; Ostberg v Litric, 80 AD3d 518, 519-520 [1st Dept 2011]). Indeed, the arbitration clause expressly incorporates the construction industry arbitration rules of the American Arbitration Association, which provide that the arbitrator shall determine the existence, validity and scope of the arbitration agreement (see Life Receivables Trust, 66 AD3d *464 at 495-496). There is no rule precluding arbitration of cross claims (see e.g. Kenyon & Kenyon Reilly Carr & Chapin v Makor Sys., 57 AD2d 796 [1st Dept 1977]). Nor did Bulson waive its right to seek arbitration of the cross claims by taking discovery of Douglas. Bulson is faced with nonarbitrable claims by the plaintiff in this action, which require it to participate in discovery to defend those claims (see Sherrill v Grayco Bldrs., 64 NY2d 261, 273 [1985]).
Plaintiff, however, is entitled to proceed with its claims against defendants, as it is not in any way relying on the agreement referred to in the cross claims and was not a signatory to the agreement (see Kenyon, 57 AD2d at 797). Accordingly, the cross claims shall be severed from this action and stayed pending determination of the other claims in this action. If the cross claims are not rendered moot upon resolution of the other claims in this action, then defendants may proceed to arbitration of the cross claims (id.).
Concur—Gonzalez, PJ., Saxe, Friedman, Richter and Abdus-Salaam, JJ.