City of Buffalo City Sch. Dist. v LPCiminelli, Inc. (2018 NY Slip Op 01832)





City of Buffalo City Sch. Dist. v LPCiminelli, Inc.


2018 NY Slip Op 01832


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND CURRAN, JJ.


1287 CA 17-00176

[*1]CITY OF BUFFALO CITY SCHOOL DISTRICT, PLAINTIFF-APPELLANT,
v
LPCIMINELLI, INC., DEFENDANT-RESPONDENT. (ACTION NO. 1.) 
LPCIMINELLI, INC., PETITIONER-PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO JOINT SCHOOLS CONSTRUCTION BOARD AND CITY OF BUFFALO CITY SCHOOL DISTRICT, RESPONDENTS-DEFENDANTS-APPELLANTS. (ACTION NO. 2.) (APPEAL NO. 2.) 






HARTER SECREST & EMERY, LLP, BUFFALO (JOHN G. HORN OF COUNSEL), FOR PLAINTIFF-APPELLANT AND RESPONDENTS-DEFENDANTS-APPELLANTS. 
HODGSON RUSS LLP, BUFFALO (BENJAMIN M. ZUFFRANIERI, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT AND PETITIONER-PLAINTIFF-RESPONDENT. 


 Appeal from a judgment and order (denominated order) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 8, 2016. The judgment and order, among other things, granted those parts of defendant-petitioner-plaintiff's motion in action No. 1 to dismiss the second, third, sixth and seventh causes of action and granted defendant-petitioner-plaintiff judgment on its CPLR article 78 cause of action in action No. 2. 
It is hereby ORDERED that the judgment and order so appealed from is modified on the law by denying those parts of the motion of defendant-petitioner-plaintiff seeking dismissal of the third, sixth and seventh causes of action in action No. 1 and reinstating those causes of action, vacating the award of judgment to defendant-petitioner-plaintiff on the second cause of action in action No. 2, and granting that part of the motion of plaintiff-respondent-defendant and respondent-defendant seeking dismissal of the second cause of action in action No. 2 and as modified the judgment and order is affirmed without costs.
Memorandum: Pursuant to the City of Buffalo and the Board of Education of the City School District of the City of Buffalo Cooperative School Construction Act (L 2000, ch 605), plaintiff-respondent-defendant, City of Buffalo City School District (District), and the City of Buffalo (City) were authorized to construct and renovate numerous schools throughout the City, and respondent-defendant, City of Buffalo Joint Schools Construction Board (Board), was authorized to "enter into contracts on behalf of the [C]ity or the [District], or both, for the design, construction, financing, and management of the new educational facilities" (L 2000, ch 605, § 4 [b]). In furtherance of the Buffalo Schools Development Program (Program), defendant-petitioner-plaintiff, LPCiminelli, Inc., formerly known as Louis P. Ciminelli Management Co., Inc. (LPC), was selected to be the "Program manager" (L 2000, ch 605, § 3 [k]). LPC thereafter entered into a Comprehensive Program Packaging and Development Services Provider Agreement (PPDS) with the Board, which acted "for itself and as agent and on behalf of the [*2][City] and the [District]." The terms of the PPDS incorporated yet-to-be-written "addenda."
The addenda, which would also incorporate by reference the provisions of the PPDS, were known as the Master Design and Construction Agreements (MDCAs), and there was one for each of the five phases of the Program. The MDCAs relevant to these appeals concern only phases three and five, and the relevant portions of those MDCAs are identical. It is undisputed that the PPDS and incorporated MDCAs resulted in a stipulated-sum construction contract, i.e., a contract with one total price for all of the construction work, regardless of the actual costs of construction.
In 2014 and 2015, after operating under the PPDS and MDCAs for over 12 years, the Board and the District refused to process or pay the last four payment requisitions until LPC provided them with documentation concerning LPC's actual construction and administrative costs, information that LPC contended was confidential, proprietary and not subject to disclosure under the PPDS and MDCAs. Following negotiations and an attempt at mediation, the District commenced action No. 1, asserting causes of action for, inter alia, breach of fiduciary duty and breach of contract and seeking, inter alia, declaratory and injunctive relief as well as punitive damages.
LPC thereafter commenced a hybrid CPLR article 78 proceeding and declaratory judgment action (action No. 2), alleging that the District and the Board (collectively, appellants) had breached the contract and seeking, pursuant to CPLR 7803, either "an order compelling the District and/or [the Board] to process and approve the requisitions" (emphasis added) or an order "compelling the District and, if required, [the Board], to process the requisitions." In the declaratory judgment causes of action, LPC sought, inter alia, a declaration that "the District and/or [the Board] [were] required under law to process and approve the requisitions" (emphasis added), as well as declarations that the District and/or the Board were not entitled to the information they sought, had no right to refuse to process the requisitions and owed LPC payments for the work approved by the architects.
LPC filed a pre-answer motion to dismiss the complaint in action No. 1 and, shortly thereafter, appellants moved to dismiss the petition/complaint in action No. 2. The District also cross-moved in action No. 1 to order LPC to preserve all of its documentation, and LPC moved in action No. 1 to permit it to file Exhibit I under seal on the ground that the exhibit contained confidential and proprietary company information.
By the order in appeal No. 1, Supreme Court, inter alia, granted in part LPC's motion to dismiss in action No. 1 and dismissed the first cause of action and the request for punitive damages, and granted LPC's motion in action No. 1 to seal Exhibit I. The court otherwise reserved decision on LPC's remaining requests for relief. By the judgment and order (denominated order) in appeal No. 2, the court, inter alia, further granted those parts of LPC's motion in action No. 1 that sought dismissal of the second, third, sixth and seventh causes of action; denied those parts of appellants' motion in action No. 2 that sought dismissal of the petition/complaint as time-barred, dismissal of the petition/complaint against the Board, and dismissal of the CPLR article 78 cause of action; and granted LPC judgment on the CPLR article 78 cause of action in action No. 2, directing the District to "act on the Disputed Payment Requisitions by either definitively approving or rejecting them."
We conclude in appeal No. 1 that the court erred in directing that a portion of the record in action No. 1 be sealed without first making a determination of good cause. We further conclude in appeal No. 2 that the court erred in granting those parts of LPC's motion seeking dismissal of the third, sixth and seventh causes of action in action No. 1, in granting LPC judgment on the CPLR article 78 cause of action, and in denying that part of appellants' motion seeking dismissal of that cause of action in action No. 2.
Addressing first the issues raised in appeal No. 1, we reject appellants' contention that the court did not apply the appropriate standards when ruling on LPC's CPLR 3211 pre-answer motion to dismiss. Where, as here, a court is considering a pre-answer motion to dismiss made pursuant to CPLR 3211 (a) (1) and (7), the court may look to the contract documents (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19-20 [2005]), and "affidavits may . . . be used under certain circumstances, even without converting the motion to one for summary judgment under [*3]CPLR 3212" (Albert v Solimon, 252 AD2d 139, 140 [4th Dept 1998], affd 94 NY2d 771 [1999]).
Contrary to appellants' further contention, we conclude that the court properly granted that part of LPC's motion seeking to dismiss the District's first cause of action, for breach of fiduciary duty, in action No. 1. Although that cause of action was pleaded with sufficient particularity under CPLR 3016 (b) (see Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d 47, 62 [2d Dept 2013]), we agree with LPC that it "fails to allege conduct by [LPC] in breach of a duty other than, and independent of, that contractually established between the parties and is thus duplicative" of the District's breach of contract causes of action (Kaminsky v FSP Inc., 5 AD3d 251, 252 [1st Dept 2004]; see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 795 [3d Dept 2016]; cf. EBC I, Inc., 5 NY3d at 20). As a result, we further conclude that the court properly dismissed the request for punitive damages related to the first cause of action.
Contrary to appellants' contention, the court also properly dismissed the request for punitive damages in action No. 1 insofar as it related to the breach of contract causes of action, thereby dismissing the request for punitive damages in its entirety. As a general rule, "[p]unitive damages are not recoverable in a breach of contract action in which no public rights are alleged to be involved" (2470 Cadillac Resources, Inc. v DHL Express [USA], Inc., 84 AD3d 697, 699 [1st Dept 2011], lv dismissed 18 NY3d 921 [2012]), because the purpose of punitive damages "is not to remedy private wrongs but to vindicate public rights" (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994]). Here, the breach of contract causes of action do not seek to vindicate public rights but, rather, they involve allegations of an ordinary breach of contract between a private contractor and municipal entities.
With respect to appellants' final contention concerning appeal No. 1, we agree with appellants that the court erred in granting LPC's motion to file Exhibit I under seal in the absence of "a written finding of good cause, . . . specify[ing] the grounds thereof," as required by 22 NYCRR 216.1 (a) (see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322, 324 [1st Dept 2006]; see also Maxim Inc. v Feifer, 145 AD3d 516, 517 [1st Dept 2016]). We therefore modify the order in appeal No. 1 accordingly, and we remit the matter to Supreme Court to determine whether good cause exists to seal the record with respect to Exhibit I.
Addressing next the issues raised in appeal No. 2, we reject appellants' contention that the court erred in dismissing the second cause of action in action No. 1. That cause of action is based on allegations that LPC breached PPDS section 11.05 (k), which required LPC to "[p]rovide regular comparisons of the approved construction cost estimates with actual costs and submit monthly reports to the [Board] that identify variances between actual and estimated costs." According to appellants, the "actual costs" referenced in PPDS section 11.05 (k) are LPC's actual costs. LPC, however, contends that section 11.05 (k) applies only to the District's actual costs because, in a stipulated-sum contract such as the one at issue here, the contractor's actual costs are irrelevant. Moreover, LPC contends that, if PPDS section 11.05 (k) applied to LPC's actual costs, that section would then be in conflict with or render meaningless section 6.8 of the relevant MDCAs.
Section 6.8 of those MDCAs provides the District with audit and examination rights to any and all records related to the
" construction contingency' " portion of the stipulated sum. Nevertheless, that section further provides that, "[n]otwithstanding anything to the contrary contained herein, the foregoing audit and examination rights do no[t] apply to any records maintained by [LPC] (or . . . on behalf of [LPC]) with respect to any Project Administration Costs or Construction Costs other than records directly related to the expenditure of the construction contingency.' " We agree with LPC that we must read the PPDS and MDCAs as a whole and construe them in such a manner "as to give full meaning and effect to the material provisions" and "not render any portion meaningless" (Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007] [internal quotation marks omitted]).
The contract is a stipulated-sum construction contract. In such contracts, "[t]he owner is obligated to pay the contractor the fixed amount no matter what it costs to finish the work" and, generally, "the owner is not entitled to review the costs that the contractor incurs during the project" (L. Franklin Elmore et al., Fundamentals of Construction Law at 14-15 [2d ed 2013]). Considering the general purpose of the contract and the fact that the MDCAs specifically provide [*4]that the audit rights for construction contingency funds did not apply to records concerning LPC's "Project Administration Costs or Construction Costs" unrelated to the construction contingency, we conclude that the only reasonable way to interpret PPDS section 11.05 (k) is to determine that it applies to the District's actual costs only. To hold otherwise would render the MDCAs' limitation of the District's access to LPC's actual administration and construction costs meaningless. Indeed, if PPDS section 11.05 (k) applied to LPC's actual costs, then there would be no need for section 6.8 of the relevant MDCAs to grant specific access to actual costs related to the construction contingency portion of the stipulated sum contract. Inasmuch as section 11.05 (k) did not entitle the District access to LPC's actual construction costs, LPC did not breach the contract by refusing to provide that information to the District.
Based on our determination, we do not address appellants' additional contention that the court erred in considering parol evidence of the parties' course of conduct in dismissing the second cause of action.
Appellants further contend that the court erred in dismissing the third cause of action in action No. 1, and we agree. In that cause of action, the District alleged that LPC breached PPDS section 15.01 (c), which provides that LPC is required to provide the Board or its authorized representatives "access to all documentation and information concerning any Project relating to the bidding, letting, and payment of contracts, as well as any other information that would be available to the NYSED [New York State Education Department] in the course of its customary auditing and reimbursement approval function concerning any Project." As with the second cause of action, LPC contends that PPDS section 15.01 (c) cannot be read to require LPC to provide information on its administration and construction costs because that would conflict with or render meaningless section 6.8 of the relevant MDCAs. While we agree with LPC's premise that such a reading would render a portion of section 6.8 meaningless, we cannot reconcile the two provisions as we did with section 6.8 and PPDS section 11.05 (k). The PPDS requires LPC to disclose to the Board all information that would be available to the NYSED in an audit, which presumably includes LPC's administration and construction costs, while the MDCAs provide access to those records only insofar as they concern the construction contingency portion of the stipulated sum. Inasmuch as we cannot interpret the contract in such a manner as to render either provision meaningless, the contract, insofar as it concerns the interplay between PPDS section 15.01 (c) and section 6.8 of the relevant MDCAs, is ambiguous. We thus conclude that the "documentary evidence submitted [by LPC does not] conclusively establish[ ] a defense to the asserted claim[] as a matter of law" (Beal Sav. Bank, 8 NY3d at 324 [internal quotation marks omitted]), and dismissal of the third cause of action pursuant to CPLR 3211 (a) (1) or (7) is not appropriate. We therefore modify the judgment and order in appeal No. 2 accordingly.
Relying on the "well-established principle of contract interpretation that specific provisions concerning an issue are controlling over general provisions" (Huen N.Y., Inc. v Board of Educ. Clinton Cent. Sch. Dist., 67 AD3d 1337, 1338 [4th Dept 2009]; see generally Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46 [1956]), our dissenting colleagues conclude that the specific provisions of section 6.8 of the relevant MDCAs control over the general provisions of PPDS section 15.01 (c). As a preliminary matter, we respectfully disagree with the position that MDCA section 6.8 is a specific provision denying access to the requested records. There is no doubt that PPDS section 15.01 (c), which is contained in the article dealing with "General Covenants of [LPC]," is a general provision providing that the Board has access to any information that would be available to NYSED in the event of an audit. Although section 6.8 of the relevant MDCAs is a specific provision providing access to records related to the construction contingency, its disclaimer that it does not apply to "Project Administration Costs or Construction Costs" unrelated to the construction contingency is not a specific provision prohibiting access to such documents. Rather, it merely states that the District cannot rely on section 6.8 as a basis for seeking access to those records. Moreover, were we to adopt the dissent's position, it would render the language in PPDS section 15.01 (c) meaningless if, in fact, information concerning administration and construction costs would be available to NYSED in the event of an audit. Inasmuch as we may not interpret the contract in such a manner as to render any provision meaningless, we are left with two possible interpretations of the contract based on competing rules of contract interpretation. Under such circumstances, we conclude that it would be inappropriate to grant a pre-answer CPLR 3211 motion to dismiss.
To the extent that the sixth and seventh causes of action in action No. 1 seek declaratory [*5]and injunctive relief based on the claims made in the third cause of action, we conclude that the court erred in dismissing those two causes of action, and we further modify the judgment and order in appeal No. 2 accordingly.
With respect to the petition/complaint in action No. 2, appellants contend that the court erred in denying their motion to dismiss the petition/complaint because the notice of claim was untimely (see Education Law § 3813 [1]), and the CPLR article 78 cause of action was barred by the statute of limitations set forth in CPLR 217 (1). We reject that contention. There was no rejection of payment or final and binding determination until December 2015, and we therefore conclude that the amended notice of claim filed on January 5, 2016 and the petition/complaint filed on February 17, 2016 were timely. Contrary to appellants' contention, their refusal to make the payments upon receipt of the demands for payments and their conditioning of payment upon receipt of records that LPC refused to provide were not final and binding determinations. During that time, the Board voted to reconsider the requisitions and the District contended that the requisitions were improperly submitted to the Board instead of the District. Those actions " created an ambiguity . . . whether . . . the determination [not to approve the requisitions] was intended to be final' " (A.C. Transp. v Board of Educ. of City of N.Y., 253 AD2d 330, 337 [1st Dept 1999], lv denied 93 NY2d 808 [1999], quoting Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834 [1983]), and whether the claims for payment were explicitly or constructively rejected (see Greece Cent. Sch. Dist. v Garden Grove Landscape, 90 AD3d 1568, 1568 [4th Dept 2011]).
We further reject appellants' contention that the petition/complaint against the Board should be dismissed because the Board was a mere agent of the District. Inasmuch as we are to construe the allegations of the petition/complaint liberally and accord LPC the benefit of every favorable inference (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that LPC has set forth causes of action against both the Board and the District.
We agree with appellants, however, that the court erred in awarding LPC judgment on the second cause of action, seeking mandamus relief under CPLR article 78. LPC did not seek such relief in its motion and, moreover, failed to establish that it had a " clear legal right' " to that relief (Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]). We further agree with appellants that the court erred in denying that part of their motion seeking dismissal of that cause of action. Where "damages allegedly have been sustained due to a breach of contract by a public official or governmental body, the claim must be resolved through the application of traditional rules of contract law' " (Matter of Steve's Star Serv. v County of Rockland, 278 AD2d 498, 499 [2d Dept 2000], quoting Abiele Contr. v New York City Sch. Constr. Auth., 91 NY2d 1, 8 [1997]; see Kerlikowske v City of Buffalo, 305 AD2d 997, 997 [4th Dept 2003]). "Here, since the essence of [LPC's] claim against the appellants is predicated upon their alleged breach of contract, and since the remedy sought relates to enforcement of the contract, mandamus to compel payment of the outstanding [requisitions] does not lie" (Steve's Star Serv., 278 AD2d at 500). We therefore further modify the judgment and order in appeal No. 2 accordingly. We need not convert the proceeding under CPLR 103 (c) into an action to recover damages inasmuch as LPC's remaining causes of action for breach of contract and declaratory judgment remain intact (cf. Steve's Star Serv., 278 AD2d at 500).
All concur except Nemoyer, and Curran, JJ., who dissent in part and vote to modify in the following memorandum: We respectfully dissent in part in appeal No. 2. We disagree with our colleagues only to the extent that we conclude that Supreme Court properly granted that part of the motion of defendant-petitioner-plaintiff, LPCiminelli, Inc. (LPC), seeking dismissal of the third cause of action in action No. 1. We would therefore affirm the judgment and order in appeal No. 2 to that extent. That cause of action is premised on allegations that LPC breached section 15.01 (c) of the Comprehensive Program Packaging and Development Services Provider Agreement (PPDS). That section of the PPDS, like section 11.05 (k) of the PPDS upon which plaintiff-respondent-defendant, City of Buffalo City School District (District), premises its second cause of action in action No. 1, is a general provision without defined terms. Thus, as the majority concluded with respect to PPDS section 11.05 (k), we conclude that PPDS section 15.01 (c) must yield to the more specific language in the Master Design and Construction Agreements (MDCAs). In other words, for the same reasons that the majority concluded that the court properly granted LPC's motion with respect to the second cause of action, we conclude that the court properly granted LPC's motion with respect to the third cause of action, i.e., LPC's [*6]compliance with the specific provisions of the MDCAs cannot be considered a breach of the general provisions of PPDS section 15.01 (c).
The majority distinguishes PPDS section 11.05 (k) from PPDS section 15.01 (c) on the ground that the latter section provides that the District is entitled to "any other information that would be available to the NYSED [New York State Education Department] in the course of its customary auditing and reimbursement approval function concerning any Project" (emphasis added), and no similar language is found in section 11.05 (k). In our view, however, that is a distinction without a difference. That portion of PPDS section 15.01 (c) is just as general as the rest of the section, and thus that general language must yield to the specific language of section 6.8 of the MDCAs (see Huen N.Y. Inc. v Board of Educ. Clinton Cent. Sch. Dist., 67 AD3d 1337, 1338 [4th Dept 2009]). Indeed, the vague language in PPDS section 15.01 (c) describing something that the NYSED might someday be permitted to access should not be construed as contract language more specific than that contained in the MDCAs. Finally, even if further discovery revealed that the NYSED would be entitled to LPC's construction and administrative costs in an audit, that would not entitle the District to LPC's construction and administrative costs because such disclosure would be in conflict with the specific language found in section 6.8 of the MDCAs, which prevails over the more general language in PPDS section 15.01 (c) (see generally id.).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court